IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:22-CR-58-ALM-KPJ-1 |
| | § | |
| MICHAEL BRIAN BALDWIN (1) | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 22, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Tracey Batson.

On March 12, 2018, Defendant was sentenced in the United States District Court for the District of Nevada to twenty-four (24) months imprisonment, three (3) years of supervised release, with special conditions of supervision to include inpatient and outpatient substance abuse treatment, property search, inpatient and outpatient mental health treatment, six (6) months location monitoring, alcohol abstinence, one hundred (100) hours of community service, and a special assessment fee of $200. On February 15, 2022, jurisdiction was transferred to the Eastern District of Texas for supervision of release. The case was assigned to United States District Judge Amos L. Mazzant.

On February 25, 2022, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) Defendant must report to the probation officer as instructed; (3)

Defendant must live at a place approved by the probation officer, and notify the probation officer of any plan to change where he lives; (4) Defendant must not use or possess alcohol; (5) Defendant must participate in outpatient substance abuse treatment; (6) Defendant must participate in inpatient substance abuse treatment; and (7) Defendant must submit to one drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter as determined by the Court.

The Petition asserts that Defendant violated these conditions because: (1) Defendant admitted to consuming marijuana on October 26, 2021; Defendant's urine specimen tested positive for methamphetamine and marijuana on November 2, 2021; Defendant's urine specimen tested positive for methamphetamine on November 5, 2021; Defendant tested positive for methamphetamine and marijuana on December 6, 2021, and signed a written admission to using these substances; Defendant tested positive for marijuana on December 13 and 15, 2021; and Defendant tested positive for methamphetamine and marijuana on January 12 and 31, 2022; (2) Defendant failed to submit an online monthly supervision report to his probation officer for the months of May – July 2020, September 2020, November – December 2020, February – July 2021, September – November 2021, and January 2022; (3) On January 31, 2022, Defendant admitted that he changed his residence and failed to notify the U.S. Probation Office of the change in residence; (4) On November 2, 2021, Defendant admitted that he consumed alcohol at the same time as methamphetamine and marijuana; (5) Defendant failed to attend outpatient substance abuse treatment at McCary Counseling Services for the months of January and February 2022; (6) Defendant checked himself into a six-month inpatient program at GB Ministries on February 5, 2022, and left the program after only two days; Defendant then checked himself into a six-month inpatient program at Salvation Army on February 10, 2022, but left the program after one week;

and (7) Defendant failed to submit a urine sample as directed on December 27, 2021, January 7, 2022, January 25, 2022, and January 28, 2022.

At the March 22, 2022 hearing, Defendant entered a plea of true to allegations 1 through 8.[1] *See* Dkt. 16. Defendant also consented to revocation of his supervised release and waived his right to appear before the District Judge. *See* Dkt. 17. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 22, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow. The Court further recommends Defendant be placed at a medical facility, and that Defendant receive a mental health examination and mental health treatment at such facility.

**So ORDERED and SIGNED this 23rd day of March, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The Petition contains only seven allegations, but was incorrectly numbered. Defendant pled true to all allegations in the Petition.